O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNDIATA BESHEARI TAYLOR, <br>       Petitioner, <br>   v. <br> UNITED STATES OF AMERICA, <br>       Respondent. | Case No. 2:13-cv-3063-ODW <br> (Case No. 2:11-cr-520-ODW) <br><br> **ORDER DISMISSING PETITION [4]** |

  Under 28 U.S.C. § 2255(f), Petitioner Sundiata Besheari Taylor had one year from the "date on which the judgment of conviction becomes final." On January 30, 2012, the Court sentenced Taylor to a term of 101 months. On the same day, the Court issued its judgment-and-commitment order.

  Taylor did not seek an appeal. (Pet. 3.) Thus, his conviction became final 14 days later on February 13, 2012, when Taylor's "availability of appeal [was] exhausted." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

  Unfortunately, Taylor filed this petition on May 1, 2013—well after the one-year statute of limitations. Thus, despite any merit Taylor's petition may have, his petition is time-barred.

  Equitable tolling may apply in certain circumstances. But a petitioner must demonstrate that he diligently pursued his rights and was unable to timely file his petition because of extraordinary circumstances. *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010).

Here, Taylor states no facts to support equitable tolling except for his belief that he had until April 30, 2013, to file this petition. (Pet. 3.) Yet this is not enough—his inability to calculate time is "not an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). And even if this inability was attributed to a lack of legal knowledge of the applicable time periods, that is also insufficient to invoke equitable tolling. *Id.* Indeed, equitable tolling is an extraordinary remedy, "the threshold . . . is very high." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). Equitable tolling does not apply in this case.

Taylor's Petition for Writ of Habeas Corpus is time-barred under 28 U.S.C. § 2255(f). The government's Motion to Dismiss (ECF No. 4) is **GRANTED**; Taylor's petition is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

May 16, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**